## Lukens, Appellant, *v.* Lasher.

| 202 | 327 |
|-----|-----|
| f218 | 183 |

*Party wall—Injunction—Equity.*

A bill in equity to restrain the use of a wall cannot be sustained where it appears that the wall by common consent of the parties had been treated as a party wall, that negotiations for the price to be paid for its use had been conducted with the mutual understanding that it was a party wall, and that such negotiations had terminated in an agreement on a sum, subject to be enlarged or diminished by a measurement, which was paid to the plaintiffs. In such a case where it appears that there had been no final adjustment of the matter of compensation, the decree dismissing the bill should be without prejudice to the right of the plaintiffs to recover whatever may be due them.

Argued March 26, 1902.   Appeal, No. 369, Jan. T., 1901, by plaintiff, from decree of C. P. No. 3, Phila. Co., June T., 1901, No. 1504, dismissing bill in equity in case of W. H. R. Lukens and Samuel H. K. Kirkpatrick v. George F. Lasher.   Before McCOLLUM, C. J., DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Bill in equity for an injunction to restrain the use of a wall.

From the record it appeared that the plaintiffs were trustees of the Odd Fellows Temple at Broad and Cherry streets, Philadelphia, and that defendant was the owner of adjoining premises to the east.   Prior to the filing of the bill there had been negotiations between the parties for the price to be paid for the use of the wall by the defendant.   The negotiations had been

conducted with the mutual understanding that the wall was a party wall, and these negotiations terminated in an agreement for the payment of $1,951.98, subject to be enlarged or diminished by measurement. This sum was paid to plaintiff.

The court in an opinion by McCARTHY, J., dismissed the bill.

*Error assigned* was decree dismissing bill.

*John G. Johnson*, for appellants, cited : Western Nat. Bank's App., 102 Pa. 171; Deringer v. Augusta Hotel Co., 155 Pa. 609 ; Medara v. Du Bois, 187 Pa. 431.

*Henry Budd*, for appellee, cited : Gordon v. Milne, 10 Phila. 15; Milne's App., 81 Pa. 57; Western Nat. Bank's App., 102 Pa. 183; McCall v. Barrie, 15 W. N. C. 28; 16 W. N. C. 95.

OPINION BY MR. JUSTICE FELL, April 21, 1902:

The case presented by the plaintiff did not call for equitable interference by injunction. If the wall was not strictly a party wall, by common consent of the parties it had been so treated. The negotiations for the price to be paid for its use were with the mutual understanding that it was a party wall, and they terminated in an agreement on a sum, subject to be enlarged or diminished by a measurement, which was paid by the defendant. As there was not a final adjustment of the matter of compensation, it would have been better that the decree should have reserved any right the plaintiff may have in that regard. To avoid any question in the future, the decree is amended so that the dismissal of the bill is without prejudice to the right of the plaintiffs to recover whatever may be due them, and as so amended the decree is affirmed.