## Benner *v.* Pollard, Appellant.

*Party walls—Building laws—Intention.*

1. A party wall is a right which an owner of land has to build a division wall partly over his line on the land of another. Where, then, the wall is built on the land of the owner without the intention to give to it the quality of a party wall, it is a division wall. The statute applies only where the wall is built on land owned by different parties.

2. The intention of the builder of a wall is to be taken into consideration whether it is to be regarded as a party wall.

3. Where an owner of several lots, on one of which a three-feet alley was located, erected a building on one of the lots adjoining the lot on which the alley was located, and by mistake encroached with the foundation of the building from four to six inches over on the lot on which the alley was laid out, it will not be presumed that the owner intended that the encroaching wall should be a party wall, so as to give a subsequent purchaser of the lot on which the alley was located the right to compel the closing of windows in the wall.

*Appeals—Assignments of error—Equity.*

4. Where, on an appeal in a suit in equity, it appeared that the decree of the court below consisted of several sections relating to different prayers of the complainant, assignments of error setting forth these distinct adjudications do not violate Rule 14.

Argued Oct. 17, 1912. Appeal, No. 113, Oct. T., 1912, by defendant, from decree of C. P. No. 1, Phila. Co.,

Dec. T., 1910, No. 5,092, on bill in equity in case of Samuel T. Benner v. Augustus T. Pollard. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Bill in equity for an injunction. Before MAGILL, J.

The facts are stated in the opinion of the Superior Court.

The final decree was as follows:

And now, to wit, May 10, 1912, this came on to be further heard at this term upon the defendant's exceptions to the adjudication, and was argued by counsel, and upon consideration thereof, it is ordered, adjudged and decreed as follows, viz.:

First. The exceptions are dismissed.

Second. The northerly wall of defendant's building referred to in the bill and which extends for a distance of six inches beyond the property division line and upon the property of the plaintiff, is a party wall.

Third. The windows and openings in said northerly wall of defendant's property, and the sills of said windows, constitute continuing nuisances and invasions, encroachments and trespasses on the rights of the plaintiff, and as such must be abated.

Fourth. A permanent injunction shall forthwith issue, enjoining the defendant from maintaining the windows and openings and sills thereof mentioned in the bill and directing the defendant forthwith to abate the said nuisances by causing the said windows and the frames and the sills thereof to be removed, and the spaces solidly built up with brick or stone, or some other incombustible material as if the same were in fact and in law, a division party wall.

Fifth. The defendant is enjoined from exercising any easement, or right to use the said alley, constituting the southernmost three feet of plaintiff's soil.

Sixth. The defendant to pay all costs of this proceeding.

*Errors assigned* were (1–4) the second, third, fourth and fifth paragraphs of the decree, and (5–13) in dismissing various exceptions.

*A. H. Wintersteen*, with him *Alfred M. Mohr*, for appellant.—The wall was not a party wall: Pile v. Pedrick, 167 Pa. 296; Mercantile Library Co. v. University of Pennsylvania, 220 Pa. 328; Geible v. Smith, 146 Pa. 276; Medara v. Dubois, 187 Pa. 431.

The fact that the plaintiff and his predecessors in title may not have been aware of the trespass does not prevent the trespasser from obtaining title by adverse possession where it has continued for a period of more than twenty-one years: Lodge v. Patterson, 3 Watts, 74.

That the intent had its origin in mistake is of no importance.

*Henry K. Fox*, for appellee.—There was no title acquired by adverse possession: Comegys v. Carley, 3 Watts, 280; Watson v. Gregg, 3 Watts, 289; Dikeman v. Parrish, 6 Pa. 210; Forward v. Deetz, 32 Pa. 69; Miller v. Miller, 60 Pa. 16; Bombaugh v. Miller, 82 Pa. 203; DeHaven v. Landell, 31 Pa. 120; Olewine v. Messmore, 128 Pa. 470; Shaffer v. Lauria, 50 Pa. Superior Ct. 135; Hole v. Rittenhouse, 25 Pa. 491; Hawk v. Senseman, 6 S. & R. 21; Jenkins v. McMichael, 17 Pa. Superior Ct. 476; Schrack v. Zubler, 34 Pa. 38; Moore v. Collishaw, 10 Pa. 224.

Whether the wall was an intentional encroachment, or a party wall, the law will not countenance the maintenance of window openings therein: Western Nat. Bank's App., 102 Pa. 171; Vollmer's App., 61 Pa. 118; Milne's App., 81 Pa. 54; McCall v. Barrie, 15 W. N. C. 28.

In order to acquire title to the easement of the alley, the appellant must show that in addition to his enjoyment for the statutory period, such enjoyment must be adverse to the rights of the owner of the soil: Okeson v. Patterson, 29 Pa. 22; Bennett v. Biddle, 140 Pa. 396; Bannon v. Brandon, 34 Pa. 263; Brandon v. Bannon, 38 Pa. 63.

Neither can appellant claim the use of the alley in the rear of his lot, merely because it existed there, nor because the deeds of his neighbors called for an alley, and it does not appear that his deeds called for an alley: Andreas *v.* Steigerwalt, 29 Pa. Superior Ct. 1.

OPINION BY HENDERSON, J., April 21, 1913:

The bill filed by the plaintiff asks for an injunction to restrain the defendant from maintaining windows in what the former alleges to be a party wall on the line between his property and the defendant's, and from trespassing in the respects set forth in the bill on the plaintiff's property. The plaintiff is the owner of lot No. 224 having a front of twenty feet on 15th street in Philadelphia. The defendant is the owner of lot No. 1501 Locust street abutting at the north end on the plaintiff's lot. These lots were at one time the property of Briton Corlies who acquired No. 224 in 1835 and No. 1501 in 1840. While the owner of both lots Corlies granted a right of way three feet in width along the south side of lot 224 for the use of certain lots abutting thereon and fronting on Locust street. Lot 1501 was conveyed to the trustees of Pepper in 1847 and lot 224 to the same trustees in 1854, "subject to the use of said alley as a passage way and water course for the owners and occupiers of the lots abounding thereon now entitled thereto." The trustees of Pepper's estate conveyed lot 1501 to Jessup, predecessor in title to the defendant, in June, 1862, and lot No. 224 to Wilson, predecessor in title to the plaintiff, in February, 1893. At a date not definitely fixed, prior to 1862, the owners of the two lots last referred to erected a brick coach house at the north end of lot 1501. The trustees of Pepper conveyed lot 1501 "with the brick coach house and stable thereon erected" and it is the north wall of this building which gives rise to the pending controversy. The defendant purchased lot 1501 in June, 1900. The plaintiff acquired title to lot 224 in February, 1905. At that time there were two windows in the north wall of the coach house which

had been placed there before 1900 and probable after 1881. The defendant remodeled the barn after he purchased it by adding a third story and converting the premises into a storeroom and dwelling. In June, 1911, a location of the line of lots 1501 and 224 was made when it was discovered that the foundation of the defendant's building extended over the south line of lot 224 to the extent of from four to six inches at various places and the brick wall erected thereon to the extent of from one to one and three-fourths inches. It is because of this intrusion of the wall that the plaintiff contends it is a party wall to be controlled according to the law governing such structures. The building on the plaintiff's lot is separated from the south line of the lot by the right of way before referred to. The defendant's north wall is therefore not contiguous to the plaintiff's building. So far as the evidence discloses no assertion was ever before made that the north wall of the defendant's building is a party wall, nor on the justifiable assumption that it was built when both of the lots were the property of the Pepper estate could it have been a party wall. The owners of both properties were at liberty to erect the wall on the location chosen by them, and while it seems probable that they intended to build it wholly on lot No. 1501 there was nothing to preclude them from extending it onto lot 224, except the limitation in their title of the right of way existing in favor of the owners of the other lots fronting on Locust street. As the Pepper estate had accepted the title with the knowledge of, and subject to, this right of way, it is not to be presumed' that in erecting the carriage house they intended to place an obstruction therein or to interfere with the vested rights of the owners of other lots with reference to the alley. They must have known that a subsequent holder of lot 224 could not join in the use of a party wall at least to the extent that it would be in any degree an interference with the easement of the alley, and as the city regulators were not called on to locate the foundation and a survey was not made for determining the exact position of the

line between the lots the intrusion of the wall over the line can easily be accounted for. The wall was not a party wall by statute when it is considered that the property on which it was built was wholly that of the builder. The surveyors or regulators provided for by the act of February 24, 1721, 1 Sm. Laws 124, were given authority to set out the foundations of the walls "to be built between party and party" and the foundations were to be laid equally upon the lands of the persons between whom such party wall is to be made. Roberts v. Bye, 30 Pa. 375, accords with this description. It was there said that a right to a party wall is a right which an owner of land has to build a division wall partly over his line on the land of another. Where, then, the wall is built on the land of the owner without the intention to give to it the quality of a party wall it is a division wall. The statute applies only where the wall is built on lands owned by different parties: Voight et al. v. Wallace, 179 Pa. 520. It is permissible of course that a wall be made a party wall by agreement although standing wholly on the ground of an abutting owner, and every owner of a lot in Philadelphia has a statutory right to erect a party wall between him and an abutting owner and to enter on the adjoining lot for that purpose up to the permitted limit. It follows that this right is not lost by the act of the next owner in building to the line on his own land, but we are not now concerned with the question of the plaintiff's right to erect a party wall. The question is rather whether the trustees of the Pepper estate in constructing the coach house intended to make the north line a party wall for subsequent holders of lot 224. When we consider the extent of the intrusion, the existence of the alley and the ownership of both lots by the builders of the coach house the conclusion seems warranted that it was not the intention of those erecting the building to establish a party wall. It seems clear that the plaintiff could not encroach on the right of way by placing the whole or part of a party wall in the alley which incumbered his lot, and it ought not

to be presumed that the trustees of Pepper would anticipate a subsequent alienation of the lot now owned by the plaintiff and provide for that lot a wall to which the owner could not attach a building, on the first story at least, because of the intervening alley. From the case as presented we think it reasonable to infer that the location of the wall on the plaintiff's lot to the extent proved was a mistake easily made in ignorance of the location of the division line. The intent of the builder of the wall is to be taken into consideration in determining whether it is to be regarded as a party wall, as appears in Pile v. Pedrick, 167 Pa. 296; Mercantile Library Co. v. University of Pennsylvania, 220 Pa. 328, and Benner v. Cassatt, 236 Pa. 248. The two cases last named discuss the question of the intention of the builder in erecting a wall and are precedents on the principle involved. Whether the defendant is a trespasser or has acquired title by adverse possession as he claims we need not consider at this time. There is an adequate remedy at law for a determination of the case from this point of view. We are of the opinion that the plaintiff has failed to satisfactorily show that the defendant's wall is a party wall.

A motion to quash the appeal was made, but we are not persuaded that it should be sustained. The decree of the court consisted of several sections relating to different prayers of the complainant, and we regard the assignments of error setting forth these distinct adjudications as in compliance with rule 14.

The decree is therefore reversed at the cost of the appellee.