## Yoder et al. v. Trainer.

*Party-wall—Evidence—Plan—Memorandum of plan.*

1. In an equity proceeding, where the issue is whether a party-wall existed or not, a memorandum book prepared by a deceased employee of the city bureau of surveys is not proper evidence, inasmuch as the best evidence in such case is the plan on file in the bureau of surveys.

*Party-wall—Construction of wall — Presumption—Evidence—Rebuttable presumption.*

2. While a presumption in favor of a party-wall may arise from building a wall across the land of one's neighbor, this is a rebuttable presumption.

*Party-wall—Windows—Intention.*

3. The construction of windows in a wall indicates an intention on the part of the builder not to regard the wall as a party-wall, inasmuch as a party-wall must be solid.

*Party-wall—Assertion of ownership—Prescription.*

4. If a wall is not a party-wall, an open, notorious, continuing and adverse possession under a claim of right for a period of over twenty-one years will ripen into a title and such wall becomes the new line of the property, so that the one in possession of the wall may place openings in it.

*Party-wall—Evidence—Location of alley.*

5. Where an owner constructs a wall and subsequently the adjoining owner locates an alley on his own property abutting on the wall, such location of the alley is persuasive of the fact that the wall was not at the time considered to be a party-wall.

6. Where a wall was erected and maintained for a period of almost forty years without any objection by the adjoining owners, they will not be heard to object to the wall.

Exceptions to adjudication. C. P. No. 5, Phila. Co., Dec. T., 1923, No. 316, in Equity.

*H. W. Scarborough,* for plaintiffs.

*E. Booth* and *Leo MacFarland,* for defendant.

MARTIN, P. J., April 27, 1926.—The bill in equity was filed in this case to restrain the extension of an alleged party-wall and the maintenance of windows in the wall. In a supplemental bill the court was asked, in the event of a finding that the wall was not a party-wall, to compel the removal of the wall. The material provisions of the bill and answer are recited in the findings of fact filed by the trial judge.

Plaintiffs are owners of properties facing on Rising Sun Avenue. The rear ends of their lots adjoin the property of defendant, whose property is known as No. 3328 Germantown Avenue. The wall in dispute was erected in the year 1887 or prior thereto. A window, opened in the wall, was constructed facing the lots now owned by plaintiffs, and an additional window was placed in the wall about 1896. There was testimony that this latter window was opened in the wall with the acquiescence or consent of the predecessor in title of plaintiffs. The foundation for this wall erected by predecessors in title of the defendant, Trainer, encroached in varying extent upon the properties of the plaintiffs and extended about eighteen inches above the level of the ground. The brick wall erected upon the foundation-wall encroached upon the line of plaintiffs to a varying extent. The depth of the lots of the plaintiffs was seventy-one feet nine and one-quarter inches from Rising Sun Avenue. In 1896, the predecessor in title of the plaintiffs erected a row of houses on Rising Sun Avenue, and at the rear of the lots upon which these houses were erected laid out an alleyway of approximately three feet in width for

Yoder et al. v. Trainer.

the benefit and common use of the owners and occupiers of the row of houses. Subsequent deeds refer to this alley as appurtenant to the lots. No evidence was offered of any agreement with respect to a party-wall, nor describing the intention of the parties who built the wall. There was an offer on the part of the plaintiffs to place in evidence a book found among the effects of a deceased employee of the Bureau of Surveys of Philadelphia, in which were notations claimed to indicate that some stakes had been placed upon the ground to set the boundary-line between the properties of plaintiffs and that of the predecessor in title of the defendant. A witness identified the handwriting of the deceased, and stated that it indicated that stakes were driven on the boundary-line, but in his testimony he was uncertain as to all the stakes excepting one on Germantown Avenue. The memorandum book was prepared from a plan or survey on file in the Bureau of Surveys in Philadelphia, and there was nothing to indicate that the stakes were actually driven. This evidence was properly rejected, as the best evidence was the plan itself and not a mere memorandum made from the plan. The testimony, if admitted, would have been too uncertain for a basis of any finding of fact.

The principal questions raised by the exceptions filed by the plaintiffs relate to the exclusion of this evidence, the findings of fact and conclusions of law determining that the wall is not a party-wall, and those respecting the title of defendant to the ground underneath the foundation-wall which was acquired by adverse user.

While a presumption in favor of a party-wall may arise from building a wall across the land of one's neighbor, this is a rebuttable presumption, and the evidence in this case strongly rebutted any presumption or inference which might arise from the fact of building across the line. The foundation encroachment was irregular in width, and the wall erected upon this foundation likewise varied in the extent of encroachment.

A party-wall must be solid. The window in the original wall indicated that the builder did not regard the wall as common to both properties. The other window erected in 1896 strengthens this conclusion. It was stated in the adjudication the original encroachment was an accident; that is, there was not intentional intrusion upon the land of the neighbor; and, where it was suggested that the wall was erected by mistake, such a mistake was meant as would justify the reformation of a deed or written instrument, a mutual mistake of both parties, a mistake of the predecessor in title of the defendant in locating the line of his property where he honestly believed it should be. Although the original location of the line and erection of the wall upon this line may have been due to a mistaken impression on his part, it is clear that it has since been held adversely under a claim of right. It is not a reasonable supposition that a man would erect and maintain a wall of this character without the assertion of a claim of ownership in it and the land upon which it was erected. If the wall is not a party-wall, as found by the court, an open, notorious, continuing and adverse possession under a claim of right for a period of over twenty-one years would ripen into a title, and the party acquiring title by prescription could erect on his land so acquired a wall or building not prohibited by law. This wall becomes the new line of the property, and as it is on the land of the defendant, he can place openings in it.

The alleyway adjoining the wall, placed there by the predecessor in title of the plaintiffs and existing since 1896, is persuasive of the fact that the wall was not at that time considered to be a party-wall. In Mercantile Library Co. v. University of Pennsylvania, 220 Pa. 328, there was an alley along the northern side of the Chestnut Street Opera House, with some encroachment

upon the title of the owners of the adjoining properties along the alleyway. A wall was held in that case not to be a party-wall. In Benner *v.* Cassatt, 236 Pa. 248, a strip of land along a wall was subject to the easement of an alley laid out for the use of adjoining owners. There had been an encroachment on the land underneath this alleyway, which encroachment was removed. It was decided that the wall was not a party-wall. In Hayes *v.* Arcade Real Estate Co., 257 Pa. 566, there was an encroachment under plaintiff's property for the purpose of furnishing a foundation with proper support, and also a further encroachment by the extension of the defendant's wall. It was held that the wall on the defendant's land was not a party-wall, and the defendant was permitted to maintain openings and windows in the wall. In that case reference was made to the fact that no complaint was made by plaintiff of the technical trespass and encroachment until fourteen years after the completion of defendant's building.

The conclusions in the instant case were based upon adverse possession and title by prescription of the defendant, Trainer, but the bill might have been dismissed upon the ground of laches. In the respondent's answer it is set up that the wall was erected and maintained for a period of almost forty years without any objection from the plaintiffs or their predecessors in title, which fact should preclude plaintiffs from objecting to the wall. . . .

### Final decree.

And now, to wit, April 27, 1926, upon consideration of the foregoing case, it is ordered, adjudged and decreed as follows:

1. The respondent, Walter L. Trainer, is hereby directed and enjoined to remove the window-sills that project beyond the line of the northern wall of his property within thirty days from the filing of this decree.

2. The respondent, Walter L. Trainer, is perpetually restrained from opening windows, by revolving frames or otherwise, to extend over ground belonging to plaintiffs.

3. The bill is dismissed as to the defendant, Walter L. Trainer Company, and Jacob G. Loux.

4. The respondent, Walter L. Trainer, is directed to pay the costs.