## Kann et ux. v. Walters.

*Party-walls—Rear line of lot—Building laws.*

1. An owner of a city lot may build a party-wall on the rear line of his lot if such lot does not abut on an alley.

2. It is immaterial that the adjoining owner may not actually use or have occasion to use the wall for many years, or perhaps never.

3. The question is not whether the wall is presently of mutual benefit or may reasonably be, but whether the wall is built in such a place that it can be of mutual benefit if the other owner should extend his building to that line.

4. The fact that, according to the practice of the Bureau of Building Inspectors, there is no exception recognized as to rear lines is persuasive that party-walls may be built on such lines, and especially is this so where a *dictum* of the Supreme Court supports such practice.

Rule for preliminary injunction. C. P. No. 1, Phila. Co., March T., 1928, No. 12197, in Equity.

*Jesse H. Finn,* for plaintiffs; *John F. Burgess,* for defendant.

KUN, J., May 2, 1928.—The origin of the right to build party-walls was traced by Chief Justice Moschzisker in his very learned opinion in the case of Jackman *v.* Rosenbaum Co., 263 Pa. 158. The custom was introduced by the first settlers in Pennsylvania under William Penn, and the right to build them in Philadelphia was fixed by the early statute of Feb. 24, 1721, 1 Sm. Laws, 124. As stated in that case, the right to build party-walls upon division-lines between lots, while regulated by statute, has developed into the ordinary and natural way to use and enjoy real estate of that character to such an extent as to "become a settled rule of property."

The complaint is made in this case that the defendant is building a party-wall on the rear line of his lot, which is also the rear line of plaintiffs' lot, which fronts on a parallel street west. On behalf of the plaintiffs, the contention is made that the defendant has no right to build his party-wall on that line, and counsel cited, as supporting that contention, the old cases of Whitman *v.* Shoemaker, 2 Pearson, 320, and Rodearmel *v.* Hutchison, 2 Pearson, 324, in Dauphin County, drawing attention to the fact that the second case was cited by Judge Sulzberger in the case of Bedell *v.* Rittenhouse Co., 5 Dist. R. 689. The citation, however, was merely of the principle that "its (right to build party-wall) ground is mutual benefit." That the party-wall is not a mutual benefit at the time it is built, however, is not decisive, and that seems to be the error in the Whitman and Rodearmel cases. It frequently happens that the owner of a lot builds a party-wall on a division-line which the adjoining owner may not actually use, or have occasion to use, for many years, or perhaps never. The question is not whether the wall is presently of mutual benefit or may reasonably be, as was stated in the cases cited, but whether the wall is built in such a place that it can be of mutual benefit if the other owner should ever extend his building to that line. Of course, the owner of a lot cannot build a party-wall along the line of an alley which separates his lot from the adjoining owner, for the reason that the adjoining owner could never build up to that wall because of the alley; but, so far as the rear line of a lot is concerned, there is no basis in the law for holding that an owner may build party-walls on his side division-lines, but not on his rear division-line.

The nearest expression on the subject, although by *dicta,* in the Supreme Court is in the case of Mercantile Library Co. *v.* Univ. of Penna., 220 Pa. 328. The litigation in that case had reference to a wall on the rear line of the defendant's lot. It was decided that the wall there in question was not a

Kann et ux. *v.* Walters.

party-wall and could not have been contemplated as a party-wall, the use of which would be available to the plaintiff, because of the existence of a passage-way in the rear and along the line of the defendant's wall which the plaintiff was required to keep open by agreements with the owners of other properties adjacent to it, which, of course, prevented the erection of a building contiguous to the defendant's building at that time. The point is that the case had to do with a wall constructed on the rear line of the defendant's property, and it was taken for granted that under proper conditions a party-wall could be built on that line, as well as on any other division-line. Mr. Justice Mestrezat said, at page 333: "We do not mean to be understood as holding that should the alleyway, now located on and extending along the southern part of the plaintiffs' premises (the rear line of the lot), be vacated and the plaintiff desired to erect a building adjacent to the defendants' line (its rear line), the plaintiff could not erect a party-wall."

According to the practice of the Bureau of Building Inspectors, as testified to by its chief, there is no exception recognized as to rear lines. While the practice of such a department is in no sense controlling, it is persuasive that the law is as contended for by the defendant, especially as it finds support in the *dictum* of the Supreme Court referred to. The defendant has the right to build a party-wall on the rear line of his lot.

As to the other point in the case, the proofs show that there will be no interference with the plaintiffs' use of the alley running from the rear of their property to Carlisle Street.

The rule for preliminary injunction must be discharged.