McClernan *v.* Greenberg, Appellant, et al.

260

Argued October 16, 1935.

Before KELLER, P. J., BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Barnet Lieberman,* for appellant.

*Gerald A. Gleeson,* for appellee.

OPINION BY STADTFELD, J., December 18, 1935:

The complainant brought this bill in equity to compel the removal of certain obstructions placed by the order of the defendant, Greenberg, in the windows and vents of a wall located on the boundary line between the premises of these two parties.

The bill alleges that the complainant, McClernan, owns certain L-shaped premises known as 3140 Kensington Avenue in the City of Philadelphia; that the defendant, Greenberg, occupies as tenant, the premises known as 3138 Kensington Avenue, adjoining the complainant's premises at the side and in the rear thereof; that the building on the complainant's property is a two-story structure occupying the whole lot and rising above the rear roof of the one-story building in the 3138 premises; that three windows in the second story of the complainant's building face on the rear of the defendant's premises and that two vent openings face on the defendant's premises from the complainant's wall on the side. The bill further alleges that pursuant to the issuance of a certain building permit, in which the defendant, Shuttleworth, was named as owner of the 3138 premises, by the City of Philadelphia, authorizing the bricking up of "illegal openings" in the rear and side wall of the plaintiff's structure, the defendant, Giordano, under the directions and through the instigation of the defendant, Greenberg, on August 24, 1934, tore out the window frames of the above-mentioned windows and walled up the resulting apertures; and further on the same day, the same parties caused the above-mentioned vents to be closed in the same manner. Further allegation is made that the defendants were without legal justification in their actions, because the

walls with which they interfered were not party walls, and further, that the defendants were not engaged in building any new building on the 3138 property. Prayer is made that the defendant, Greenberg, replace the windows and vents and pay damages for injury and inconvenience suffered through his unlawful actions.

The answer states that the front part of the 3138 premises is a two-story building, and the rear, a one-story building; that the three windows and vents facing on the one-story portion of the defendant's structure, were illegal openings in that they were placed in a party wall, contrary to law, and that defendant, Greenberg, was justified in having them closed.

Giordano was named as a party defendant, having been the contractor who obtained the building permit from the City of Philadelphia, authorizing him to brick up "illegal openings" in the rear and side walls of the McClernan structure. Shuttleworth was named as owner of the 3138 Kensington Avenue premises.

The matter came on for final hearing before the Chancellor, FINLETTER, J.

The Chancellor found that the side wall containing the vent openings was a party wall and therefore Greenberg was justified in closing the opening. The Chancellor also found that the wall containing the three windows was not a party wall and that therefore Greenberg was not justified in closing them up. The Chancellor found that McClernan had suffered damages to the amount of the cost of replacing the windows in the sum of $115 and damages resulting from the inconveniences he suffered during and since the closing of the windows, in the sum of $200.

The Chancellor entered a decree nisi in which he ordered Greenberg, within thirty days after the entry of the final decree, to pay McClernan, the sum of $315, or to remove the bricks and mortar and other building materials that he inserted in the three windows, replace

the three windows, together with sashing, sash weights and woodwork, restoring said three windows to the same condition they were in prior to their removal by the defendant, and pay the sum of $200.

Exceptions to the findings and decree nisi were dismissed, and a final decree entered in accordance therewith. From that decree, this appeal was taken by Harry Greenberg.

On this appeal, we are only concerned with the wall of the plaintiff's premises containing the three windows that were torn out and bricked up.

The Chancellor found, inter alia, that the action of the defendant, Greenberg, and his agent, Giordano, in closing the windows and vents on the plaintiff's wall, was not done in the furtherance of any plan of building, or alteration of the 3138 property; that the wall is totally within the boundary line of the plaintiff's land; and that no part thereof encroaches upon the adjoining premises, 3138 Kensington Avenue; that the action of the defendants, in bricking up the three windows in plaintiff's wall, was wanton and unjustified.

Appellant contends that the Chancellor should have found that the wall in question was constructed on, or so close to the appellant's land as to prevent him from erecting his own party wall, thus giving to the existing wall, all the characteristics of a party wall.

While the Chancellor affirmed a request ex parte plaintiff for finding as a fact that no part of said wall encroaches upon the adjoining premises, 3138 Kensington Avenue, yet he also affirmed a request ex parte defendant that "it is uncontradicted that the foundation for the last mentioned wall (3140 Kensington Avenue) extends from $4\frac{1}{2}$ inches to 6 inches from the said wall towards 3138 Kensington Avenue, thus bringing the said foundation from $2\frac{1}{2}$ inches to 4 inches within the deed lines of 3138 Kensington Avenue." While these

two findings seem inconsistent, they are not controlling in our view of the case.

The Chancellor made a finding of fact to the effect that the wall in question was not a party wall. This finding, if supported by legally competent evidence, is binding on the court on appeal.

The location of a wall with reference to the boundary line between two adjoining properties is only one of the factors in determining whether or not the wall is a party wall. The intent of the builder, the understanding of the adjoining owners at the time it was built, and its use for a long number of years, are other and important factors in determining the question.

While the Pennsylvania Act of May 1, 1929, P. L. 1063, part II, Ch. 5, Section 543, 53 PS 5344, defines a Party Wall: "a wall which, or portion of which, encroaches upon ground of an adjoining owner, and is used jointly or adopted to joint use," we do not think that this applies or can control the present situation in view of the fact that this building had been in existence for 34 years.

Quoting from 47 Corpus Juris, 1327: "In general every wall of separation between two buildings belonging to different owners is presumed to be a party wall, if the contrary be not shown, although it has been held that such presumption does not arise where the wall is entirely upon the land of one owner. The presumption may be rebutted by the existence of *windows in the wall,* or by the fact that one adjoining owner has placed an alleyway upon his own land adjoining the wall built by the other owner, or by the fact that the wall was built abutting upon an alley or passageway upon the adjoining lot which the adjoining owner is required to keep open." (Italics supplied.)

As convincing on this feature we quote from the Discussion by the Chancellor: "There are several factors present here indicating that the intention of the builder

of the plaintiff's wall was not to dedicate the structure to a common use. In the first place the fact that windows were placed in the erection is evidence of an intent not to regard the wall as a party wall: Yoder v. Trainer, supra; (7 D. & C. 543); secondly the evidence that the building had been in existence for 34 years with no apparent objections having been made as to these openings is strong evidence that prior owners did not regard the wall as a party wall: Hayes v. Arcade Real Est., supra; (257 Pa. 566, 101 A. 850); finally the fact that an agreement was made between the present parties in which the plaintiff permitted the defendant Greenberg to use his wall up to a certain height for building purposes shows that the parties themselves looked upon the wall as being in the sole control of the plaintiff and consequently not a party structure. While it may be true that if the defendant Greenberg wishes to build upon his premises and make use of the plaintiff's wall and foundations, he may do so in the exercise of his statutory right to erect a party wall, we are inclined to the conclusion that in spite of the defendant's testimony of such a desire, he never has had a bona fide intention to build upon his premises and that his action in walling the windows and vents was a result of malice and ill feeling toward the plaintiff."

The intent of the builder is important, if not the controlling, factor in determining whether or not it is a party wall: Lukens v. Lasher, 202 Pa. 327, 51 A. 887; Mercantile Library Co. v. University of Pennsylvania, 220 Pa. 328, 69 A. 861; Benner v. Pollard, 53 Pa. Superior Ct. 227; Yoder v. Trainer, supra; Benner v. Cassatt, 236 Pa. 248, 84 A. 780.

Appellant complains of the award of damages by the Chancellor in the sum of $200, in addition to the sum of $115, cost of restoring the windows. The evidence which formed the basis of the learned Chancellor's findings has not been made part of the appellant's

record in this case. In the absence of anything to the contrary, it is fair to assume, from the careful and comprehensive opinion of the learned Chancellor in the case, that there was supporting testimony for this finding.

The contention of appellant that the final decree in this case would be ineffective because appellant could, if he desired, construct a new wall, and in so doing, encroach on the appellee's land to the extent of one-half of the thickness of the wall, is fully covered by the learned Chancellor in saying "he may do so in the exercise of his statutory right to erect a party wall." That question is not before us. We are not concerned with the abstract rights of the appellant. The sole question is the correctness of the present decree. We find no error in the findings of the Chancellor nor in the decree based thereon.

The assignments of error are overruled and the decree affirmed. Costs to be paid by appellant.