# Sharpless v. Boldt, Appellant.

*Party wall—Lateral support—Land incumbered with buildings—Negligence—Underpinning.*

The right of lateral support which is absolute for land in its natural state, extends no further than to the avoidance of negligence as to land incumbered with buildings.

On a bill in equity to compel the removal of a portion of an underpinning wall encroaching on the property of plaintiff, it appeared that the defendant in building a large hotel building on premises adjoining the plaintiff's property, did not use the wall of the plaintiff, but built his wall twenty feet distant from it. He, however, excavated for his cellar in such a way as to require an underpinning of the party wall. The bureau of building inspection of the city directed this underpinning to be done, but gave no direction as to the location of the increased thickness. The defendant in doing the work extended the underpinning wall over plaintiff's premises to an extent considerably in excess of ten inches. The evidence showed that the additional thickness of the wall on the plaintiff's land was for the protection of such land, and that the increased thickness was of no advantage to the defendant as he did not use the wall, and had no necessity for such thickness. It also appeared that if the defendant had not built the wall, plaintiff would

have been compelled to do so. There was evidence that the plaintiffs not only knew what was being done by the defendant, but tacitly, if not expressly, assented to it. *Held*, (1) that the building of the wall was a proper interpretation of the inspector's order, and if it should be held that the order was beyond the inspector's authority, the most that could be said of defendant's action was that it was a technical trespass, done under supposed compulsion of law, clearly to the benefit of plaintiff, and that nominal damages would be the utmost for which a recovery could in any aspect be allowed; (2) that even in the aspect of trespass plaintiff was estopped under the evidence from claiming even nominal damages.

*Trusts and trustees—Committee of lunatic—Powers.*

A committee of a lunatic like any other trustee, is authorized within the limits of his trust to bind the cestui que trust by acts clearly for his benefit.

Argued Jan. 15, 1907. Appeal, No. 97, Jan. T., 1906, by defendant, from decree. of C. P. No. 5, Phila. Co., March T., 1904, No. 1,355, on bill in equity in case of S. Frank Sharpless and T. Wilson Sharpless, committee of the person and Estate of Samuel J. Sharpless, a lunatic, v. George C. Boldt, George A. Fuller Company, L. J. Riendeau and A. K. Riendeau, doing business as L. J. Riendeau & Son, and George W. Hewitt and Wm. D. Hewitt, trading as Hewitt & Company. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.  Reversed.

Bill in equity for an injunction.

DAVIS, J., found the facts to be as follows :

The lunatic's estate and the defendant, George C. Boldt, are owners of adjoining lots of ground on the south side of Walnut, between Broad and Fifteenth streets, in the city of Philadelphia. On the ground of plaintiffs there is erected a three-story brick dwelling house, the easternmost wall of which is a party wall. On his own ground the defendant Boldt has erected a hotel building, extending to within thirty feet of the westernmost line of his lot, which is the easternmost line of that of the plaintiff. In this area or space he has excavated, or is excavating, to the depth of thirty feet below the bottom of the foundation party wall on the line between the two properties. This party wall is eighteen inches in thickness, and immediately beneath it defendant has erected another wall which sup-

ports the party wall, of a thickness of not less than three feet at its base, and not less than two feet four inches at its top, extending north and south for at least fifty-six feet along the party wall. This underpinning wall extends westwardly at the top two feet beyond the easternmost line of plaintiffs' lot, being one foot two inches beyond the limit prescribed and permitted by the Act of Assembly of May 7, 1855, P. L. 464, and increases in thickness as it progresses towards its base. The easternmost side or face of the underpinning wall is vertical or plumb, and is located about four inches westward of the eastern vertical plane or surface of the present party wall, and with the exception of about five inches the whole of the underpinning wall is constructed to the westward of the center of the party wall, and is of the average depth of about thirty feet.

The contention of the plaintiff is, that this use of his soil by the defendant is a trespass, is improper and illegal, and that the underpinning wall should have been so constructed as to have adequately supported the present wall without encroaching unlawfully on the adjoining property.

The defendants, on the other hand, contend that the underpinning is not a party wall, but a support to plaintiff's house; that, admitting the old wall to be a party wall, it is not intended to use it, nor the underpinning wall nor the space thereunder; that the underpinning wall was erected in accordance with plans duly submitted to and approved by the bureau of building inspection, and a sufficient support for the old wall; that it was constructed for the benefit of the complainants under the provisions of the twenty-fourth section of the Act of June 5, 1901, P. L. 469; and further, that the work was done with the consent of Mr. S. Frank Sharpless, one of the complainants, who could, by examination of the same, ascertain exactly the extent and nature of the underpinning.

Under sec. 4 of the Act of May 5, 1899, P. L. 193, and the subsequent act of 1901, it is directed that in every case where such walls are defective, out of repair, or insufficient only for the purpose of the new building, the cost and expense of such repairs or removal, together with the expense of the new wall or walls to be erected in lieu thereof, shall be borne and paid exclusively by the parties erecting the new building, and by

the Act of June 7, 1895, P. L. 135, sec. 7, the owner or owners desiring to excavate to a greater depth than fifteen feet shall protect, and, if necessary, underpin the wall of any adjoining structure at his or their own expense.

The wall built upon the dividing line between these two properties is admitted to be a party wall, erected on the line between two adjoining estates belonging to different persons, for the use of both estates.

The court entered the following decree:

And now, February 23, 1906, this cause coming on to be further heard at this term upon bill, answer, proofs and argument of counsel, upon consideration it is ordered, adjudged and decreed as follows:

The defendants in underpinning the eastern stone foundation wall of the dwelling house on property known as No. 1418 Walnut street, built and constructed thereunder a brick and cement wall much thicker than said stone foundation wall, which brick and cement wall is irregular in thickness, widening towards the bottom and which is located upon the said property at the top two feet and at the bottom three feet.

Said wall, so far as it thus occupies the property of the plaintiffs to a greater extent than ten inches thereof in width or thickness, is in violation of the legal rights of said plaintiffs, and must be removed.

The defendants within three months from the date hereof, must remove so much of said underpinning wall as encroaches to a greater extent than ten inches upon the land of the plaintiffs, in such manner as will insure the safe and proper underpinning of said easternmost stone foundation wall.

The defendants shall pay the costs.

*Error assigned* was the decree of the court.

*H. Gordon McCouch*, with him *Samuel Dickson*, for appellant.—The answer was responsive to the bill: Logan v. Gardner, 136 Pa. 588; Heilman v. Ry. Co., 175 Pa. 188; Becker v. Lebanon, etc., Ry. Co., 188 Pa. 484; Eaton's App., 66 Pa. 483; Eberly v. Groff, 21 Pa. 251; Cresson's App., 91 Pa. 168.

Although the defendants freely admit the general rule of

law that the committee of a lunatic is but the bailiff of the court and that his unauthorized and unsanctioned acts cannot bind the lunatic, yet it is an equally well acknowledged rule of law that whatever a guardian does for the benefit of his ward binds the latter: Bowman's App., 3 Watts, 369; Hume v. Hume, 3 Pa. 144; Wilson v. Goldstein, 152 Pa. 524.

The rule that an owner is entitled to lateral support for his ground extends only for support to the ground in its original state: Richart v. Scott, 7 Watts, 460; McGettigan v. Potts, 149 Pa. 155; McGuire v. Grant, 25 N. J. L. 356; Ward v. Cowperthwait, 16 Legal Int. 85; May v. Prendergast, 12 Pa. C. C. Rep. 220; Bowers v. Supplee, 11 Phila. 223.

*Alex. Simpson, Jr.*, with him *Ira Jewell Williams* and *Francis Shunk Brown*, for George A. Fuller Company.

*John G. Johnson*, with him *I. H. Mirkil* and *E. Hunn*, for appellee.—As a question of equity pleading the defendant has no status.

Nothing is to be inferred in estoppel, or in the pleading thereof.

An estoppel to be relied on must be specifically pleaded in order to be available as a defense: Loving Co. v. Hesperian Cattle Co., 176 Mo. 330 (75 S. W. Repr. 1095); Metropolitan Life Ins. Co. v. Howle, 68 Ohio, 614 (68 N. E. Repr. 4); Read v. Citizens' St. Ry. Co., 110 Tenn. 316 (75 S. W. Repr. 1056); Leschen & Sons Rope Co. v. Craig, 18 Colo. App. 353 (71 Pac. Repr. 885).

If the defendants wish to claim a license they must show express consent. Knowledge and silence under the circumstances, all facts being known to both parties, are not enough. Permission should have been asked to build a wall, and express authority obtained: Atlanta v. Gate City Gas Light Co., 71 Ga. 106; Kelso's App., 102 Pa. 7; Schaidt v. Blaul, 5 Cent. Repr. 580.

The doctrine of equitable estoppel cannot be applied to a lunatic's committee to the prejudice of his estate: Davison's App., 95 Pa. 394; Stivers v. Tucker, 126 Pa. 74; Paul v. Kunz, 188 Pa. 504; Thomas v. Bowman, 29 Ill. 426; Giddings v. Emerson, 24 Conn. 538; Andrews v. Lyons, 93 Mass. 349; Waters's App., 35 Pa. 523; Orr v. Ins. Co., 114 Pa. 387.

The erection by defendants of the underpinning wall, as shown by the plan, is altogether a trespass: Lukens v. Lasher, 10 Pa. Dist. Rep. 385; Milne's App., 81 Pa. 54; Pile v. Pedrick, 167 Pa. 296; Western Nat. Bank's App., 102 Pa. 171; Bell's App. 81* Pa. 203.

If the underpinning wall should remain as it is, then defendant and his grantees can use the whole superstructure that rests on it whenever they please.

Mandatory injunctions may issue in trespass for which there is no legal remedy: Bispham's Eq. sec. 400; Manchester, etc., Ry. Co. v. Worksop Board of Health, 23 Beav. 198; Eachus v. Moss, 14 Weekly Rep. 327; Coatesville & Downingtown St. Ry. Co. v. West Chester Ry. Co., 206 Pa. 40; Longwood Valley R. R. Co. v. Baker, 27 N. J. Eq. 166.

OPINION BY MR. CHIEF JUSTICE MITCHELL, May 27, 1907:

The east wall of complainants' house, which is the subject of this litigation, is a party wall, and is left as it was, presumably sufficient for the building. The defendant did not intend to make any use of it at all in his new building and has not done so. His own wall is twenty feet away and the excavation for his cellar is entirely on his own ground. Unless, therefore, his position and duty are altered by recent legislation which will be referred to later, he owed the wall no duty whatever except to dig his cellar without negligence. Whether it was dug ten inches or ten feet from the party line was no one's concern but his own so long as he used due and proper care in the digging. The right of lateral support which is absolute for land in its natural state extends no further than to the avoidance of negligence as to land incumbered with buildings.

On presenting his plan to the Bureau of Building Inspection, appellant was directed to underpin the party wall, and to increase the thickness of the underpinning wall in proportion to the increased depth of his cellar excavation. No direction was given as to the location of the increased thickness, and appellant in complying with the order placed it inside the plaintiff's line. This is the trespass complained of.

The authority of the inspectors to make such order is sought to be derived from section 24 of the Act of May 5, 1899, P. L.

193.    That section provides that the necessary alteration, whether repair of the old wall or building of a new one shall be made according to the inspectors' decision and "In every case where such wall or walls are defective, out of repair, or insufficient for the purpose of the buildings there existing upon the adjoining premises and using the same, the cost or expense of such repair or removal, together with the expense of the new wall or walls to be erected in lieu thereof, shall be borne and paid by the owner of said building upon the adjoining premises and the party erecting the new building in proportion to the amount of such wall or walls which is or shall be respectively used by their said buildings; and in every case where such wall or walls are defective, out of repair, or insufficient only for the purpose of the new buildings, the cost and expense of such repair or removal, together with the expense of the new wall or walls to be erected in lieu thereof, shall then be borne and paid exclusively by the parties erecting the new building."

Concisely stated this section provides for two classes of cases, first, where the alteration is for the benefit of both parties owning and using the buildings of which the old wall is part; and, secondly, where it is only for the benefit of the owner of the new building.    The present case does not come under either class.    It does not appear in the case what was east of the east wall of plaintiffs' house before the alterations began, but it is found as a fact that said wall was a party wall and there being no evidence to the contrary presumably it was and is sufficient for its joint use as such.    But class first of the section contemplates a continued joint use, and as defendant has not made any present or contemplated any future joint use of the wall, the case is not within that class.    Nor on the other hand does it come within the second class, for the new buildings have no connection whatever with the wall.    If defendant had simply built at twenty feet east from the line it is manifest that the question of the party wall would not have arisen at all in any shape.    The controversy arises not from the new buildings, but from the excavation of the cellar to a depth below the old wall.    As the statute does not cover that case, the previous law remains in force and defendant owed the plaintiff no duty but to dig his cellar with proper care and without negligence.

Party walls are creatures of statute. In principle they are provisions for taking one man's property for the private use of another; which, in general, is beyond the legislative power even for police purposes. They rest, therefore, on long recognition and acquiescence amounting to a settled constitutional construction. But rights claimed under them must be sustained by clear statutory authority. Whatever authority, therefore, the Bureau of Building Inspection had was by virtue of its general police power to provide against danger to the parties or the public. It clearly had no authority to order the appellant to put the increased thickness of the underpinning wall on his own land, nor did it do so. No statute authorizes the adverse use of more than ten inches of the adjoining owner's land, and the order of time in building is in this respect immaterial. If plaintiffs had built first in such way as to require the additional thickness of wall they must have put all but ten inches of it on their own land. But the additional thickness in this case was altogether for plaintiffs' benefit, appellant not using the wall at all and having no necessity for such thickness. The building inspector in ordering such additional thickness of wall as he deemed proper for public safety did not specify on which land it should be located, and the appellant assumed that it was to be on plaintiffs'. As it was for plaintiffs' benefit and appellant could not be compelled to put it on his own land he was entitled to assume that it was to be on plaintiffs'. In view of the doubtfulness of the inspector's authority to make such an order at all, it would have been more prudent for appellant to have called on the inspector to execute it, or on plaintiff to permit it to be done. This appellant claims to have done as will be next considered.

The evidence is clear that the additional thickness of wall on plaintiffs' land is no detriment at present but a protection that they would have to build themselves if appellant had not done it for them. Nor is it any interference for the future, as, like any other building put on another's land, it has become his and he can do as he will with it at any time. The building of it by appellant on plaintiffs' land was a proper interpretation of the inspector's order, and if it should be held that the order was beyond the inspector's authority, the most that can be said of appellant's action would be that it was a technical tres-

pass, done under supposed compulsion of law, clearly to the benefit of plaintiffs, and that nominal damages would be the utmost for which a recovery could in any aspect be allowed.

But even in the aspect of a trespass plaintiffs are not entitled under the evidence to damages, even nominal. The bill charged that defendant (a) in defiance of the building laws (b) secretly and unknown to the plaintiffs (c) committed a trespass. The answer set forth specifically (a) full compliance with the building laws, (b) knowledge and acquiescence by the plaintiffs in defendant's action, (c) that there was no trespass. The answer was responsive and put on plaintiffs the burden of disproving it. This was not done. On the contrary, the weight of the evidence is clear that the plaintiffs not only must have known but did in fact know what was being done and tacitly if not expressly assented to it. Point is made that the plaintiffs being committee of a lunatic could not waive his rights. But plaintiffs, like any other trustees, are authorized within the limits of their trust to bind their cestui que trust by acts clearly for his benefit.

Decree reversed, injunction dissolved and bill dismissed with costs.