## Mt. Oliver Borough, Appellant, v. Goldbach.

*Equity—Findings of fact—Appeals—Encroachment on highway.*

1. It is not sufficient to warrant the setting aside of the findings of a chancellor that the testimony would sustain different conclusion. An apparent preponderance of testimony against the findings is insufficient for that purpose, if there is testimony, which if believed, will sustain them. The findings will not be disturbed except for error clearly shown.

2. Plaintiff borough filed a bill in equity to compel the removal of an alleged encroachment on a highway. The defendants filed a responsive answer denying the encroachment. The question turned upon the true location of the highway as to which the evidence was in dispute. The court found that the plaintiff had not produced evidence sufficient to overcome the answer and dismissed the bill. *Held,* no error.

Argued Nov. 4, 1913. Appeal, No. 208, Oct. T., 1913, by plaintiff, from decree of C. P. Allegheny Co., April T., 1912, No. 2033, in Equity, dismissing bill in case of The Borough of Mt. Oliver, a Municipal Corporation, v. Mary Goldbach, Salome Goldbach, Anna Goldbach and George Goldbach. Before Fell, C. J., Brown, Mestrezat, Potter and Stewart, JJ. Affirmed.

Bill in equity to restrain an encroachment on a highway. Before Swearingen, J.

The opinion of the Supreme Court states the case.

The court dismissed the bill. Plaintiff appealed.

*Errors assigned* were various rulings on fact and law and the decree of the court.

*Charles A. Poth,* for appellant.

*John P. Hunter,* of *Lyon & Hunter,* for appellee.

Per Curiam, February 9, 1914:

In the bill filed by the Borough of Mt. Oliver it was alleged that a building erected by the defendants extended into a street of the borough and obstructed travel thereon. The answer denied any encroachment on the street. The fact to be ascertained was the western boundary line of the street. The street was a part of the Brownsville road, a highway of the State laid out by commissioners in pursuance of the Act of April 5, 1826, P. L. 208.

The road as now located has been immemorially one

of the monuments fixing a boundary of the defendants' land. Long prior to 1868 their land was enclosed by fences, one of which extended along the Brownsville road and continued in the same location until after 1880, when a part of it was taken down and a shop erected on the same line. This shop was torn down in 1904 and a substantial three story brick building was erected two feet farther west. The location of the road as originally laid out and opened was not shown by the evidence. The first survey of the road as used was made in 1868 at the instance of a turnpike company that had been authorized by Act of February 15, 1851, P. L. 66, to construct a turnpike road "following as nearly as practicable the course of the old Brownsville road." According to the courses and distances marked on the plan of this survey, the western line of the road was east of the fence along the defendants' land and there was no encroachment. Other surveys made at later periods differed from the survey of 1868 and from each other and some, perhaps all, of them show an encroachment on the highway.

The answer was responsive to the bill and the burden was upon the plaintiff to overcome its effect and to satisfy the court that the western line of the road was not as it had existed for more than sixty years. This it failed to do and we are not convinced of any error in the order dismissing its bill. It is not sufficient to warrant the setting aside of the findings of a chancellor that the testimony would sustain a different conclusion. An apparent preponderance of testimony against them is insufficient for that purpose, if there is testimony, which if believed, will sustain them. They will not be disturbed except for error clearly shown. Steinmeyer v. Siebert, 190 Pa. 471.

The decree is affirmed at the cost of the appellant.