## Duffey v. Jennings.

*Practice, Supreme Court—Equity—Findings of fact—Appeal.*

1. Findings of fact by a chancellor which necessarily involved credibility of witnesses and the weight to be given their testimony have the force and effect of the verdict of a jury and will not be disturbed if there be testimony to sustain them.

2. In a suit in equity brought by an agent to recover his proportion of profits accruing upon a certain lease where another agent claimed an interest in such profits under an agreement between the two agents, findings of fact depending upon the credi-

bility of witnesses and supported by abundant evidence to the effect that the lease in controversy was not covered by the agreement will be sustained.

Argued Oct. 15, 1914. Appeal, No. 93, Oct. T., 1914, by Frederick J. Galloway, from decree of C. P. Allegheny Co., Third T., 1910, No. 38, refusing his claim to share in a fund paid into court, in case of John B. Duffey, Plaintiff, v. Edward H. Jennings and John G. Jennings, surviving Richard M. Jennings, deceased, late partners, doing business under the firm name of E. H. Jennings & Brothers; Evan D. Jennings, Administrator of the Estate of Richard M. Jennings, deceased; and the Jennings Producing Company, a Corporation, Defendants; Edward H. Jennings and John G. Jennings, surviving M. Jennings, deceased, late partners, doing business under the firm name of E. H. Jennings & Brothers; Evan D. Jennings, Administrator of the Estate of Richard M. Jennings, deceased; and Jennings Producing Company, Cross Plaintiffs, v. John B. Duffey and Frederick J. Galloway, Cross Defendants. Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity for discovery and for accounting.

Cross bill in equity to determine the ownership of a fund held by cross-plaintiffs as stakeholders. Before FORD, J.

From the record it appeared that in June, 1906, E. H. Jennings and Brothers employed John B. Duffey and Frederick J. Galloway separately in taking oil leases, agreeing to give each an interest in the profits. Duffey and Galloway met, and on learning both were working for the same employers agreed to work in harmony and share their interests. Their agreement at first related to special leases and was put in writing but was extended by parol to all leases taken in the neighborhood. The written agreement bore date June 27th, but Gallo-

way claimed it was made on June 26th, and that its terms were extended by parol the same day. Duffey claimed the written agreement was made June 27th, after he had secured a lease from John Divver, of 35 acres on the date. Duffey denied in his answer and testimony that any agreement was ever made between himself and Galloway other than the written one, but finally admitted that an oral agreement was made between them embracing all leases taken in the neighborhood, but then said that they were to be such only as were secured by their united efforts. Two other leases were secured by Duffey and Galloway near Divver's.

In 1910 Duffey brought suit in equity against E. H. Jennings & Brothers, including in his complaint their failure to pay the profits which had then accrued on the interest in the Divver lease, standing in the name of Galloway, amounting to over $46,000.00, whereupon the defendants in that suit brought a cross-bill against John B. Duffey and Frederick J. Galloway to determine the ownership of said fund as between the cross-defendants, each of whom answered claiming the fund.

Other facts appear in the opinion of the Supreme Court.

The court on final hearing refused the claim of Frederick J. Galloway. Frederick J. Galloway appealed.

*Errors assigned* were in dismissing exceptions to various findings of fact and conclusions of law of the trial judge and the decree of the court.

*Sam'l S. Mehard,* with him *C. D. Scully* and *C. B. Mehard,* for appellant.

*John C. Bane,* with him *Sylvester J. Gee,* for appellee.

OPINION BY MR. JUSTICE ELKIN, January 2, 1915:

This bill as originally filed was for discovery and an

accounting. In that bill Duffey was the plaintiff, and the Jennings Brothers, defendants. Subsequently the Jennings Brothers filed a cross-bill against Duffey and Galloway to determine the ownership of the fund in their hands which accumulated out of the profits of the carried interest in the Divver lease, which is the subject matter of the present controversy. Each of the cross-defendants, Duffey and Galloway, answered claiming the fund. Under the pleadings the parties proceeded to a hearing before the learned judge of the court below sitting as a chancellor. A large volume of testimony was taken in support of the respective contentions of the parties, and this has necessitated the reading of a most voluminous record in order to properly determine whether any reversible error was committed in the findings of fact or conclusions of law by the learned court below. The whole case turns upon the findings of fact as to whether Galloway had any interest in the Divver lease. The chancellor found this fact against him, and unless the evidence was not sufficient to sustain that finding, or there was manifest error in the conclusion reached, the contentions of learned counsel for appellant cannot be sustained. Around this central and controlling point the whole case revolved. The record bristles with evidence introduced by one side or the other on this vital question. The case was fully and exhaustively presented by able counsel representing each party to the controversy. Everything was done, and nothing was left undone, which should have been done by either party to bring all phases of the matters in dispute to the attention of the court. Our review of the record has convinced us that no useful purpose can be served by prolonging this litigation. The evidence is ample to warrant every material finding of the court below, and when this is true, there is no ground for reversal. We have frequently held that the findings of fact by a judge sitting as a chancellor, which necessarily involved the credibility of witnesses and the weight to be given their testimony, have the

force and effect of the verdict of a jury and will not be disturbed if there be testimony to sustain them: Eppsteiner v. Isman, 239 Pa. 393. This rule has been asserted so frequently by our appellate courts as to make it a well-settled rule of practice. It is controlling in the present case. We might add, however, that a careful reading of the testimony contained in this voluminous record has failed to convince us that the learned chancellor committed any substantial error in his findings of fact. To discuss each of the numerous assignments would necessarily prolong the opinion without aiding in the solution of the question involved. We therefore refrain from so doing. We find nothing in any of the assignments which in our opinion constitutes reversible error.

Decree affirmed, costs to be divided equally and paid by same parties as directed in the court below.