## Law, Appellant, *v.* First National Bank of Pittsburgh.

## Martin, Appellant, *v.* First National Bank of Pittsburgh.

*Equity—Findings of fact—Appeals.*

Where in a suit in equity to enjoin defendant from selling stock pledged as collateral security for promissory notes, in alleged violation of the agreement under which the stock had been pledged, there was a finding supported by evidence that the only agreement relating to the pledge of the stock was that in consideration thereof plaintiff should receive an extension of time for payment which had been fully complied with, and that at the expiration of the extension the notes were not paid, the bill was properly dismissed.

Argued Oct. 22, 1914.   Appeals, Nos. 173 and 174, Oct. T., 1914, by plaintiffs, from decrees of C. P. Allegheny Co., July T., 1913, Nos. 302 and 454, dismissing bills in equity for injunction and accounting in cases of Carl C. Law v. First National Bank of Pittsburgh, and R. M. McConnell, and C. C. Murray, Receiver of First-Second National Bank; and George A. Martin v. First National Bank of Pittsburgh, and R. M. McConnell, and C. C. Murray, Receiver of First-Second National Bank. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ.   Affirmed.

Bill in equity for an injunction to restrain the sale of stocks, and for a delivery thereof and an accounting. Before MACFARLANE, J.

The opinion of the Supreme Court states the case.

The lower court entered a decree dismissing the bill at the cost of the plaintiff in each case.   The plaintiff in each case appealed.

*Error assigned,* in each case, among others, was the decree of the court.

*William Kaufman,* with him *Langfitt & McIntosh,* for Carl C. Law and George A. Martin, appellants.

*J. R. Sterrett,* of *Sterrett & Atchison,* for appellees.

PER CURIAM, January 2, 1915:

These cases were tried together and the question involved is the same in each. The bills were for injunctions to restrain the defendant from selling stocks and to require the delivery of them to the plaintiffs and for an accounting. In each bill it was alleged that the plaintiff therein and others were makers of notes for a large amount at thirty and sixty days and that the defendant agreed in consideration of the transfer to it of certain shares of stock to extend the time of payment of the notes and to accept in place thereof demand notes which were to be paid in installments at times and in amounts agreed upon. That after receiving transfers of the stocks in consideration of this agreement it violated it and demanded and enforced the payment of the debt.

The learned trial judge found that the only agreement made by the defendant was for an extension of time for sixty days, the consideration for which was the transfer of the stocks in question and that this agreement was fully complied with and the loan was carried for a year and a half. This finding is conclusive against the plaintiffs, unless clearly shown to be wrong. We find no reason to doubt its correctness.

The decrees appealed from are affirmed at the cost of the appellants.